UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HANY VELETANLIC,<br><br>Defendant. | Cause No. CR 18-162 JLR<br><br>**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |

Defendant, Hany Veletanlic, by and through his Attorney, Gilbert H. Levy, hereby submits this supplemental memorandum in support of his position at sentencing:[1]

## I. ARGUMENT

The individual identified in Agent Karabeika's declaration as "CS1" is charged with multiple sex offenses involving minors and has a similar State charge pending. Exhibit 1 to the Agent's Declaration is his letter to the Government in which he states that the Defendant is recruiting him to assassinate R.K. and offers to cooperate in the investigation. In the letter, he greatly exaggerates the extent of the Defendant's involvement in criminal activity and advises of

---

[1] This hastily prepared memorandum is submitted in case the Court declines to grant the Defendant's request for a continuance. It is not intended to be a substitute for an inadequate investigation of the circumstances surrounding the alleged post-conviction misconduct.

DEFENDANT'S SUPPLEMENTAL
SENTENCING MEMORANDUM - 1

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670 Fax: (866) 471-6818

his previous successes as an informant. "CS2" was previously convicted and sentenced by this Court on multiple counts of robbery and impersonating an FBI Agent. It is obvious that both CS1 and CS2 are dishonest individuals who were seeking to realize some benefit from their cooperation. It is entirely plausible that they were the instigators of the scheme.

According to Agent Karabeika's declaration, the whole episode lasted from the beginning to the second to the last week in May 2019 when the Defendant backed out of the scheme. At that point, he may have realized that he was being set up by CS1 and CS2 or decided that the whole thing was a bad idea and morally wrong. He then directed his attorney, Emma Scanlan, to inform the Government that both he and R.K. were in danger. Previously, when the Defendant learned that his associate was unwilling to provide guns, he arranged to pay $800.00 to persons who he believed were associated with CS1 and CS2. This was obviously a pay off since it was far too little money to purchase firearms. Also, in one of the recorded conversations – Exhibit 14 to Agent Karabeika's declaration – the Defendant mentions a deadline and later states, "If this fails, my life is gone. There is not going to be me anymore". This suggests that he was experiencing threats and was under pressure from CS1 and CS2 to do something by a certain date.[2]

A reasonable explanation consistent with the evidence is that sometime in late April or early May 2019, the Defendant was complaining about injustices in his case to other detainees at the Federal Detention Center. CS1 and CS2 overheard this and then seized the opportunity to persuade the Defendant to go along with their plan so that they could inform on him and gain favorable treatment in their cases. The Defendant may have felt pressure to go along with this

---

[2] This appears on page 10 the transcript of the recording at line 16.

DEFENDANT'S SUPPLEMENTAL
SENTENCING MEMORANDUM - 2

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670 Fax: (866) 471-6818

but ultimately realized that it was wrong and called the whole thing off before any harm was done. The point is simply that the evidence suggests that the Defendant was entrapped by CS1 and CS2, would not have gone along with the scheme but for their involvement, and in the end did the right thing. It is telling that in its sentencing memorandum, he Government implies but does not conclude that the Defendant was the instigator and has not brought additional charges against the Defendant.[3] Given the evidence, the whole episode is greatly blown out of proportion and fails to justify the high end recommendation that the Government is seeking. Moreover, U.S. Probation is presumably aware of the Government's allegations and is nevertheless recommending a sentence of 48 months.

## II.  CONCLUSION

The Court should adopt Defense Counsel's sentencing recommendation as stated in the Sentencing Memorandum previously submitted to the Court.

DATED: November 25, 2019.

/s/Gilbert H. Levy
Gilbert H. Levy, WSBA #4805
Attorney for Defendant

---

[3] The Government states, "At the end of the day, the precise circumstances of how the plot to target R.K. came into existence, how it unfolded, and whether the inmates put pressure on Veletanlic is unknown." Government's Sentencing Memorandum at P. 10, lines 13-15.

DEFENDANT'S SUPPLEMENTAL
SENTENCING MEMORANDUM - 3

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670  Fax: (866) 471-6818

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2019, I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record.

/s/Gilbert H. Levy
Gilbert H. Levy, WSBA #4805
Attorney for Defendant

DEFENDANT'S SUPPLEMENTAL
SENTENCING MEMORANDUM - 4

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670  Fax: (866) 471-6818