UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>          v.<br><br>HANY VELETANLIC,<br><br>                                  Defendant. | CASE NO. CR18-0162JLR<br><br>ORDER ON MOTION REGARDING FIREARMS |

Before the court is Plaintiff the United States of America's ("the Government") motion regarding the transfer of certain firearms belonging to Defendant Hany Veletanlic that are currently in the possession of a third party. (Mot. (Dkt. # 204); *see also* Reply (Dkt. # 206).) Mr. Veletanlic opposes the Government's motion. (Resp. (Dkt. # 205).) After briefing was complete, Mr. Veletanlic's court-appointed attorney filed a supplemental declaration in support of his response. (Levy Decl. (Dkt. # 207).) The Government filed a response to counsel's declaration. (Gov't Resp. (Dkt. # 208).)

ORDER - 1

Having reviewed the briefing of the parties, the balance of the record in this case, and the applicable law, the court GRANTS in part the Government's motion.[1]

In May 2018, following his arrest, Mr. Veletanlic was released on bond. (*See* Mot. at 1.) As a condition of his bond, he was required to remove all firearms from his residence. (*Id.*) He provided the firearms to J.S.M., who continues to hold these firearms. (*Id.*) In February 2019, a jury convicted Mr. Veletanlic of four felony counts, and in January 2020, the court sentenced him to 85 months in custody. (*See* Judgment (Dkt. # 196).) Mr. Veletanlic appealed his conviction and sentence. (*See* NTA (Dkt. # 197).) He remains in custody.

J.S.M. no longer wants to possess Mr. Veletanlic's firearms. (Mot. at 1.) The Government originally asked the court to authorize it to take possession of the firearms, to direct Mr. Veletanlic to provide the name of a federal firearms license ("FFL") dealer, and to direct that the firearms be transferred to the FFL, who would then transfer or sell the firearms. (Mot. at 2.) Mr. Veletanlic responded that any transfer of the firearms is a matter between himself and J.S.M. and that the Government should have no role in the transfer. (Resp. at 2.)

After briefing was complete, Mr. Veletanlic's counsel filed a declaration stating that defense investigator Greg Walsh was willing to take possession of the firearms. (Levy Decl. ¶¶ 1-3.) In response, the Government proposed that if Mr. Walsh intends to take permanent possession of the firearms, the court should direct Mr. Veletanlic to

---

[1] The court agrees with the Government that it has jurisdiction to decide this motion. (*See* Reply at 1-2.)

identify an FFL who can ensure that the transfer of the firearms is made consistently with state and federal law. (*See* Gov't Resp. at 1.) If, however, Mr. Walsh intends only to take temporary possession of the firearms, the Government asks the court to authorize it, rather than Mr. Walsh, to take possession of the firearms pending the outcome of Mr. Veletanlic's appeal. (*Id.* at 1-2.) Under this alternative, if the Ninth Circuit reverses all of Mr. Veletanlic's convictions, then the Government would return the firearms to him. (*Id.* at 2.) If Mr. Veletanlic's appeal is unsuccessful, the Government would facilitate the transfer of the firearms to a third party. (*Id.*) Mr. Veletanlic has not filed a response to the Government's proposal. (*See generally* Dkt.)

The Supreme Court has addressed the process to be followed to transfer firearms owned by a convicted felon. In *Henderson v. United States*, 575 U.S. 622, ___, 135 S. Ct. 1780, 1784 (2015), the Court acknowledged that although 18 U.S.C. § 922(g) provides that a convicted felon may not legally have actual or constructive possession of firearms, that statute does not prohibit a felon from owning firearms. Accordingly, the court may order a transfer of a felon's lawfully owned firearms to a third party provided the court is satisfied that the recipient will not give the felon control of the firearms such that he can either use them or direct their use. *Id.* at 1786-87. The court may do so, for example, by ordering that the firearms be transferred to an independent FFL for sale on the open market, or by granting the felon's request to "transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use." *Id.* at 1787. In the latter case, the court "may properly seek certain assurances: for example, it may ask the proposed transferee to

ORDER - 3

promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet" a felon-in-possession violation under § 922(g). *Id.* (citing *United States v. Zaleski*, 686 F.3d 90, 94 (2d Cir. 2012), and *United States v. Miller*, 588 F.3d 418, 420 (7th Cir. 2009).)

In light of the foregoing, the court ORDERS as follows:

(1) If Mr. Walsh intends to take ownership of Mr. Veletanlic's firearms that are currently in J.S.M.'s possession, then Mr. Veletanlic shall file the following within ten (10) days of the filing of this order:

    (a) A notice that he intends to transfer ownership of the firearms to Mr. Walsh, along with the name and address of the FFL who will effectuate the transfer to Mr. Walsh in a manner consistent with federal and state law. *See, e.g.*, RCW 9.41.113 (requiring most transfers of firearms to be effectuated by a licensed dealer).

    (b) A declaration from Mr. Walsh stating that (i) he intends to take ownership of Mr. Veletanlic's firearms, and (ii) he understands that returning the firearms to Mr. Veletanlic or honoring his instructions concerning the firearms while he remains a convicted felon would constitute criminally aiding and abetting a convicted felon in the possession or attempted possession of firearms. *See Zaleski*, 686 F.3d at 94.

(2) If Mr. Veletanlic does not make the above filings within ten (10) days of entry of this order, then the Government is authorized to take possession of all firearms

provided by Mr. Veletanlic to J.S.M. pending the outcome of the appeal in this matter. (*See* Prop. Order (Dkt. # 206-1).)

Dated this 28th day of December, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 5