UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0162JLR |
| Plaintiff, | ORDER DENYING |
| v. | DEFENDANT'S MOTION FOR |
| | COMPASSIONATE RELEASE |
| HANY VELETANLIC, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Defendant Hany Veletanlic's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1).  (Mot. (Dkt. # 237); Reply (Dkt. # 246).) Plaintiff the United States of America ("the Government") opposes Mr. Veletanlic's motion.  (Resp. (Dkt. # 242).)  The court has considered Mr. Veletanlic's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Veletanlic's motion.

1

## II.    BACKGROUND

2       Mr. Veletanlic is a 37-year-old inmate who is currently detained at Federal

3   Correctional Institution ("FCI")-Big Springs.[1]  (*See* Mot. at 5; Ex. A to Resp. (Dkt.

4   # 244) (sealed) ("Chronic Illness Management") at 1.)  He is in prison for illegally

5   exporting firearms and parts overseas, possessing illegal silencers, and possessing a

6   loaded gun with an obliterated serial number.  (*See generally* Indictment (Dkt. # 30);

7   Resp. at 2-3.)  A jury found Mr. Veletanlic guilty of one count of violation of the Arms

8   Export Control Act ("AECA"), two counts of possession of an unregistered firearm, and

9   one count of possession of a firearm with an obliterated serial number.  (*See* Verdict

10  Form (Dkt. # 129) (sealed).)  On January 27, 2020, the court sentenced him to 85 months

11  of imprisonment and three years of supervised release.  (*See* 1/27/20 Minute Entry (Dkt.

12  # 195); Judgment (Dkt. # 196).)  Mr. Veletanlic was remanded into custody following his

13  sentencing hearing, and his projected release date is March 5, 2025.  (*See* 1/27/20 Min.

14  Entry; Resp. to First Mot. for Comp. Release (Dkt. # 216) at 5.)

15      Mr. Veletanlic first moved for compassionate release on December 28, 2020, on

16  the basis that the COVID-19 pandemic's effect on his conditions of confinement at

17  FCI-Big Spring, in combination with his underlying health conditions, including

18  hypertension, high blood pressure, and AV-block,[2] represented "extraordinary and

19

20      [1] Mr. Veletanlic is expected to be moved to a new institution soon because FCI-Big
    Springs is scheduled to close this month.  (*See* Resp. at 4; Mot. at 5.)

21      [2] Mr. Veletanlic's first motion for compassionate release alleged that he suffered from
    AV-block, which he described as "a heart condition related to lead poisoning."  (*See* First Mot.

22  for Comp. Release (Dkt. # 209) at 3.)

1  compelling" reasons to reduce his sentence to time served.  (*See* First Mot. for Comp.

2  Release at 2-3, 6.)  The court, however, lacked jurisdiction to entertain Mr. Veletanlic's

3  motion because his case was pending on appeal to the Ninth Circuit.  (*See* 2/17/21

4  Indicative Order (Dkt. # 224).)  As a result, the court issued an indicative ruling denying

5  his motion after concluding that he failed to demonstrate "extraordinary and compelling

6  reasons" for release.  (*See id.* at 1-2 (noting that the court considered Mr. Veletanlic's

7  age, medical conditions, the COVID-19 situation at his facility, and the 18 U.S.C.

8  § 3553(a) factors, among other things).)

9          Mr. Veletanlic appealed the ruling to the Ninth Circuit, arguing that the court erred

10  in failing to separately analyze whether he presented extraordinary and compelling

11  reasons for his release as opposed to whether the section 3553(a) factors favored release.

12  (*See* NOA (Dkt. # 225); *see also* 2/17/21 Indicative Order at 1-2.)  The Government

13  moved for summary affirmance, which the Ninth Circuit granted.  (*See* 9/15/21 9th Cir.

14  Order (Dkt. # 235) (concluding that, because the district court denied the motion for

15  compassionate release, it did not err by merging its consideration of "extraordinary and

16  compelling reasons" with the 18 U.S.C. § 3553(a) factors).)

17                          **III.    ANALYSIS**

18          Mr. Veletanlic again seeks compassionate release, arguing that the

19  "unconscionable" conditions of confinement at FCI-Big Springs and changes in the law,

20  namely the Ninth Circuit's holding in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir.

21  2021) and the "decriminalization" of the conduct that gave rise to his conviction under

22  the AECA, support a different result this time.  (*See generally* Mot.; Reply.)  The court

1    begins by setting forth the standard of review before turning to its analysis of Mr.

2    Veletanlic's motion.

3    **A.     Standard for Compassionate Release**

4           A court generally may not correct or modify a prison sentence once it has been

5    imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35.

6    *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United*

7    *States*, 506 U.S. 817, 824-25 (2010).  One such statute is 18 U.S.C. § 3582(c)(1), which

8    governs motions for compassionate release.  *See United States v. Fuller*, No.

9    CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020).  18 U.S.C.

10   § 3582(c)(1), as amended by the First Step Act of 2018, provides the court with authority

11   to reduce a sentence upon the motion of an inmate if three conditions are met:  (1) the

12   inmate has either exhausted their administrative appeal rights of the Bureau of Prisons'

13   ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days

14   after the applicable warden has received such a request; (2) the inmate has established

15   "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the

16   reduction is consistent with "applicable policy statements" issued by the United States

17   Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United*

18   *States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020).  It also

19   instructs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a)

20   when deciding whether compassionate release is appropriate.  18 U.S.C. § 3582(c)(1)(A).

21          In its indicative order denying Mr. Veletanlic's first motion for compassionate

22   release, the court applied United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13,

1   which provides, in relevant part, that a defendant may be eligible for compassionate

2   release if "extraordinary and compelling reasons warrant the reduction"; the "defendant is

3   not a danger to the safety of any other person or to the community"; and the "reduction is

4   consistent with this policy statement." U.S.S.G. § 1B1.13; *id.* cmt. n.1 (outlining four

5   categories of circumstances that may constitute "extraordinary and compelling reasons"

6   for a sentence reduction); (*see* 2/17/21 Indicative Order).

7          After the court issued its indicative order, the Ninth Circuit held that U.S.S.G.

8   § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions

9   filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

10  Therefore, it is now clear that the "Sentencing Commission's statements in U.S.S.G.

11  § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a

12  defendant, but they are not binding." *Id.*  Thus, the court agrees with Mr. Veletanlic that

13  it is not bound by U.S.S.G. § 1B1.13 in evaluating his motion for compassionate release.

14  **B.     Exhaustion of Administrative Remedies**

15         Before considering the merits of Mr. Veletanlic's motion, the court must

16  determine whether he has met the statutory exhaustion requirement for compassionate

17  release. *See* 18 U.S.C. § 3582(c)(1)(A).  Mr. Veletanlic made a request for

18  compassionate release to the warden at FCI-Big Springs on May 27, 2021, which was

19  denied on May 28, 2021.  (*See* Mot. at 6, Ex. 2.)  Mr. Veletanlic then filed this motion in

20  October 2021—more than 30 days after he submitted his request to the warden.  (*See*

21  *generally* Mot.)  The court finds the statutorily required 30-day period has expired, and

22  Mr. Veletanlic's motion is properly before the court.

**C.     Extraordinary and Compelling Circumstances**

The court must next determine whether "extraordinary and compelling" circumstances warrant a reduction of Mr. Veletanlic's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Veletanlic bears the burden of establishing that "extraordinary and compelling reasons" exist that justify compassionate release.  *See United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021).  Mr. Veletanlic argues that he is entitled to compassionate release for the following primary reasons:  (1) the most serious offense that Mr. Veletanlic was convicted of, which "substantially increased the Sentencing Guideline Range," "was decriminalized"; and (2) the conditions of confinement at FCI-Big Springs have been "unduly harsh."  (*See* Mot. at 2-5, 7-8; Reply at 1-3.)  The court addresses each of these rationales in turn.

1.   Mr. Veletanlic's Sentence

Mr. Veletanlic argues that extraordinary and compelling circumstances exist because his "crime of conviction" under the AECA, which "adversely affected the length of [his] sentence[,] no longer exists."  (*See* Reply at 1-2; Mot. at 3, 7.)  In support of this argument, he references the State and Commerce Departments' new regulations that "transferred certain firearms, ammunition, components, and accessories from controls under the International Traffic in Arms Regulations (ITAR) to the Export Administration Regulations (EAR)."  (*See* Mot. at 3 (citing Amendment to the International Traffic in Arms Regulations: Revision of U.S. Munitions List Categories I, II, and III, 85 Fed. Reg. 3819 (Jan. 23, 2020) (to be codified at 22 C.F.R. pts. 121, 123-24, 126, 129)).)  The new

1 | regulations, he alleges, removed the types of munitions that he was charged with

2 | exporting from the U.S. Munitions List ("USML"), and as a result, his conduct is no

3 | longer a crime under the AECA. (*See id.* at 3, 7.) Mr. Veletanlic claims that his sentence

4 | would have been lower if he was charged and convicted under the new regulations,

5 | thereby justifying compassionate release. (*See id.* at 7 (noting that his Sentencing

6 | Guideline Range "would have been 51-63 months," with a base offense level of 24, had

7 | he not been charged and convicted of violating the AECA (citing Presentence Report

8 | (Dkt. # 153) (sealed))).)

9 |        The court, however, does not agree that this change in the law is an "extraordinary

10 | and compelling" circumstance justifying Mr. Veletanlic's release. As Mr. Veletanlic

11 | notes, some courts have held that "where an 'enormous sentencing disparity' is created

12 | by . . . 'changes to federal sentencing law' . . . , that disparity 'constitutes an

13 | extraordinary and compelling reason'" for compassionate release. *See United States v.*

14 | *Jones*, 482 F. Supp. 3d 969, 979–80 (N.D. Cal. 2020) (quoting *United States v. Quinn*,

15 | 467 F. Supp. 3d 824, 829-30 (N.D. Cal. 2020); (*see also* Reply at 2). But there has been

16 | no change in federal sentencing law here, and Mr. Veletanlic's sentence was well within

17 | the applicable sentencing guideline range. (*See* Presentence Report at 14 (noting that the

18 | applicable guideline range was 78-97 months); Judgment at 2 (sentencing him to 85

19 | months).) Nevertheless, Mr. Veletanlic asserts that the court should apply the rule

20 | regarding disparities created by changes to federal sentencing law "when the crime of

21 | conviction which adversely affected the length of the sentence no longer exists." (*See*

22 | Reply at 2.) The court declines to do so.

1        Although Mr. Veletanlic's conduct is no longer criminal under the AECA, it

2    remains criminal under the Export Reform Control Act ("ERCA").  50 U.S.C. § 4819

3    (providing that a willful violation of the ERCA or any regulation or license thereunder

4    subjects a person to a fine of $1,000,000 and imprisonment for up to 20 years);

5    Amendment to the International Traffic in Arms Regulations: Revision of U.S. Munitions

6    List Categories I, II, and III, 85 Fed. Reg. 3819 (Jan. 23, 2020) (to be codified at 22

7    C.F.R. pts. 121, 123-24, 126, 129) (moving certain munitions, including those Mr.

8    Veletanlic exported, from the USML to the Commerce Control List ("CCL"), which is

9    governed by the ERCA and its implementing regulations); Control of Firearms, Guns,

10   Ammunition and Related Articles the President Determines No Longer Warrant Control

11   Under the United States Munitions List (USML) 85 Fed. Reg. 4136 (Jan. 23, 2020) (to be

12   codified at 15 C.F.R. pts. 732, 734, 736, 740, 742-44, 746, 748, 758, 762, 772, 774)

13   (noting that the "final rule does not deregulate the transferred items" and individuals will

14   still have to obtain a license "to export or reexport to any country a firearm or other

15   weapon that is being moved from the USML to the CCL by this final rule"); 15 C.F.R.

16   § 774, Suppl. 1 (listing the types of firearms, receivers, and other munitions currently on

17   the CCL.  The maximum sentence for exporting munitions controlled by the ERCA is

18   the same as the maximum sentence that Mr. Veletanlic faced under the AECA. *See* 50

19   U.S.C. § 4819 (providing for a maximum sentence of 20 years); 22 U.S.C. § 2278 (same).

20   Moreover, Mr. Veletanlic has not directed the court to any case in which a court granted

21   compassionate release after a change to the USML.

22   *//*

1    Therefore, the court finds that the change in the USML that removed the

2    munitions Mr. Veletanlic exported from the AECA is neither an extraordinary nor

3    compelling reason to grant his motion for compassionate release.

4        2.    Mr. Veletanlic's Conditions of Confinement at FCI-Big Springs

5        Mr. Veletanlic argues that extraordinary and compelling circumstances exist

6    because the conditions that he has experienced at FCI-Big Springs due to the pandemic

7    "have been unconscionable." (*See* Mot. at 7-8.)  He alleges that he contracted COVID-19

8    and continues to be at risk of "death or serious illness" as a result of the pandemic and the

9    FCI-Big Springs staffs' failure to follow pandemic protocols or provide adequate

10   conditions of confinement.  (*See id.*)  Mr. Veletanlic claims that "[i]f the [c]ourt had been

11   aware of the extreme conditions [he] would have had to endure while incarcerated, it is

12   reasonable to assume that the [c]ourt would have considered that in determining the

13   length of the sentence." (*Id.* at 8; Reply at 2.)

14       The court need not reiterate the widely known information regarding the

15   symptoms of COVID-19, the devastating global impact of the virus, and the

16   unprecedented challenges COVD-19 created for federal prisons. *See United States v.*

17   *Rollness*, No. CR06-0041RSL, 2021 WL 4476920, at *4 (W.D. Wash. Sept. 30, 2021)

18   (discussing COVID-19's impact on prisons).  Moreover, the court does not discount the

19   dangers associated with COVID-19 nor the difficulties prisons face in preventing and

20   containing outbreaks.  However, "extraordinary and compelling" circumstances are not

21   established by "the mere elevated risk of contracting a pandemic virus in prison, even if

22   such a higher risk exists." *Riley*, 2020 WL 1819838, at *7.

1    Mr. Veletanlic's argument that the conditions at FCI-Big Springs warrant release,

2    including the number of COVID-19 infections and deaths, the lax implementation and

3    enforcement of COVID-19 prevention policies, the impossibility of maintaining social

4    distancing, and the unhygienic living situations, is unavailing.  (*See* Mot. at 3-5, 7-8); *see*

5    *also United States v. Waxman*, No. CR18-0175RSL, 2021 WL 4148180, at *6 (W.D.

6    Wash. Sept. 13, 2021) (rejecting similar arguments); *United States v. Powers*, No.

7    CR15-0166TSZ, 2020 WL 3605748, at *2 (W.D. Wash. July 2, 2020) (declining to find

8    extraordinary and compelling circumstances based on "external factors inherent in

9    confinement or the facility or arising from BOP's procedures").  "[G]eneral conditions

10   that affect inmates indiscriminately throughout the prison are insufficient to support an

11   individual defendant's claim for compassionate release."  *United States v. Bolden*, No.

12   CR16-0320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *United States v.*

13   *Butov*, No. CR16-0226RSM, 2020 WL 5910063, at *5 (W.D. Wash. Oct. 6, 2020)

14   (stating that courts have "consistently rejected . . . generalized arguments as a basis for

15   compassionate release," such as challenges to BOP medical staffing, relaxed precautions,

16   and lack of adequate testing).  Courts have also rejected generalized claims "that [a

17   defendant's] period of incarceration, served during the time of Bureau of Prisons'

18   COVID-19 restrictions, has presented harsher punishment and made this past year more

19   difficult."  *See Suryan*, 2021 WL 3510423, at *3 (rejecting a similar argument).

20   Also relevant to the court's analysis here is the fact that Mr. Veletanlic will soon

21   be transferred from FCI-Big Springs to a new prison, thus essentially mooting his

22   concerns regarding the conditions at FCI-Big Springs.  (*See* Resp. at 4; Mot. at 5); *see*

ORDER - 10

1 | *also United States v. Garcia*, No. CR18-0174RAJ, 2021 WL 2313438, at *4 (W.D.

2 | Wash. June 7, 2021) (stating that the defendant's concerns regarding his conditions of

3 | confinement were moot because he had since moved prisons).  While Mr. Veletanlic's

4 | conditions of confinement at FCI-Big Springs have been more challenging than the court

5 | could have predicted, the court finds that they do not constitute "extraordinary and

6 | compelling" circumstances warranting Mr. Veletanlic's release.[3]  *See Suryan*, 2021 WL

7 | 3510423, at *3.

8 | The court further finds that, even when Mr. Veletanlic's arguments are considered

9 | together, he has not established "extraordinary and compelling" reasons justifying

10 | compassionate release.[4]  Accordingly, the court DENIES Mr. Veletanlic's motion for

11 | compassionate release.

12 | //

---

[3] Mr. Veletanlic does not attempt to demonstrate that he suffers from a specific medical condition that places him at risk for COVID-19; instead, he makes only a vague reference to his continued "risk of death or serious illness" in light of the conditions at FCI-Big Springs.  (*See* Mot. at 7-8.)  Even if he had, the court finds that his low risk of reinfection given his past infection and his rejection of the vaccine weigh against compassionate release.  (*See* Mot. at 7; Ex. C to Resp. (Dkt. # 244) (sealed) ("Vaccine Consent") at 1); *see also United States v. Seleznev*, No. CR11-0070RAJ, 2021 WL 4804614, at *3 (W.D. Wash. Oct. 14, 2021) (citing *Having SARS-CoV-2 Once Confers Much Greater Immunity Than a Vaccine—But Vaccination Remains Vital*, Science (Aug. 26, 2021), https://www.science.org/content/article/having-sars-cov-2-once-confers-much-greater-immunity-vaccine-vaccination-remains-vital); *United States v. Baeza-Vargas*, No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.").

[4] Having determined that Mr. Veletanlic has not made the requisite showing of extraordinary and compelling reasons warranting compassionate release, the court need not analyze whether a reduction in Mr. Veletanlic's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

ORDER - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Veletanlic's motion for

compassionate release (Dkt. # 237).

Dated this 9th day of November, 2021.

JAMES L. ROBART
United States District Judge