The Hon. James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HANY VELETANLIC,<br><br>Defendant. | NO. CR18-162-JLR<br><br>***SECOND*** **ORDER REGARDING FIREARMS** |

Before the court is the United States' and Defendant Hany Veletanlic's stipulated *second* motion regarding the transfer of certain firearms belonging to Mr. Veletanlic (the "Motion"). Dkt. No. 252. Having reviewed the briefing of the parties, the balance of the record in this case, and the applicable law, the court GRANTS the parties' stipulated motion.

On December 3, 2020, the United States filed its *first* motion requesting direction from the Court regarding the transfer and disposition of the following firearms belonging to Mr. Veletanlic (collectively, the "Subject Firearms"):

    a.    one Llama pistol, model MiniMax 45, .45 caliber, bearing serial number 71-04-01614-01;

    b.    one Glock pistol, model 41, .45 caliber, bearing serial number XVP922;

Second Order Regarding Firearms - 1
*United States v. Veletanlic;* CR18-162-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| 1 | c. | one HiPoint rifle, model 995, 9mm caliber, bearing serial number B26360; |
| 2 | d. | one high precision rifle, bearing MDT-ESS marking on lower, and serial number J556270 on bolt; |
| 5 | e. | one privately manufactured firearm ("PMF"), black pistol; |
| 6 | f. | one PMF, black pistol; |
| 7 | g. | one PMF, black pistol; |
| 8 | h. | one PMF, grey pistol; |
| 9 | i. | one PMF, rifle receiver; |
| 10 | j. | one PMF, black/dark grey AR-pistol; |
| 11 | k. | one PMF, brown AR-pistol; and |
| 12 | l. | one PMF, brown AR-pistol. |

Dkt. No. 204.

On December 28, 2020, after reviewing the briefing of the parties, the record, and the applicable law, this Court entered an order (the "Order") directing Mr. Veletanlic to file, within ten days of entry of the Order, (a) a notice that he intended to transfer ownership of the Subject Firearms to Mr. Walsh, along with the name and address of the FFL who would effectuate the transfer to Mr. Walsh in a manner consistent with federal and state law; and (b) a declaration from Mr. Walsh stating that (i) he intended to take ownership of Mr. Veletanlic's firearms, and (ii) he understood that returning the firearms to Mr. Veletanlic or honoring his instructions concerning the firearms while he remained a convicted felon would constitute criminally aiding and abetting a convicted felon in the possession or attempted possession of firearms. Dkt. No. 211. The Order further stated that if Mr. Veletanlic failed to make the above filings within ten days of entry of the Order, then the government would be authorized to take possession of the firearms pending resolution of Mr. Veletanlic's appeal. *Id.* The Order was silent as to the ultimate

Second Order Regarding Firearms - 2
*United States v. Veletanlic;* CR18-162-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  disposition of the firearms in the event Mr. Veletanlic did not make the required filings
2  and his appeal was unsuccessful. *Id.*

3      Mr. Veletanlic did not make the required filings, and the United States took
4  possession of the firearms. Mr. Veletanlic's appeal has since been dismissed for failure to
5  comply with the appellate court's orders. Dkt. No. 251.

6      More than one year after Mr. Veletanlic's appeal was dismissed, his counsel
7  communicated to the United States that Mr. Walsh is willing to "take the guns" but that
8  "it is illegal for him to possess the guns or certain parts in Washington State." Mr.
9  Veletanlic's counsel further represented that it would be "legal for [Mr. Walsh] to take
10  [the firearms] to a gun dealer to be sold out of State provided the order specifies he may
11  do this."

12      Counsel for Mr. Veletanlic later advised that Mr. Walsh "is no longer in the
13  picture and someone else would have to step in for him." Counsel has since confirmed
14  that an individual by the name of Aleksey Baraban is willing to take possession of the
15  firearms.

16      The PMFs included among the Subject Firearms are not serialized. In 2022, the
17  Washington State legislature passed a law making it unlawful for any person who is not a
18  representative of a law enforcement agency, federal firearms importer, federal firearms
19  manufacturer, or federal firearms dealer, to knowingly possess or transfer an untraceable
20  firearm, which includes firearms that are not serialized. *See* RCW 9.41.326. A FFL must
21  first imprint an untraceable firearm with a serial number before a non-excepted party is
22  permitted to possess or transfer the firearm within Washington State. *Id.*; *see also*
23  RCW 9.41.328.

24      In light of the foregoing, the court ORDERS as follows:

25      1.    If Mr. Baraban intends to take ownership of Mr. Veletanlic's firearms that
26  are currently in the government's possession, then Mr. Veletanlic shall file the following
27  within thirty (30) days of the filing of this order:

Second Order Regarding Firearms - 3
*United States v. Veletanlic;* CR18-162-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      a.    A notice that he intends to transfer ownership of the firearms to Mr. Baraban, along with the name and address of the FFL who will effectuate the transfer to Mr. Baraban in a manner consistent with federal and state law. *See, e.g.*, RCW 9.41.113 (requiring most transfers of firearms to be effectuated by a licensed dealer); RCW 9.41.326 (requiring the serialization of untraceable firearms for transfer to persons other than certain excepted parties); RCW 9.41.328 (authorizing FFLs to serialize firearms and unfinished frames and receivers);

      b.    A declaration from a representative of the FFL provided by Mr. Veletanlic identifying the firearms with specificity and certifying that it is willing and able to effectuate the transfer of the firearms to Mr. Baraban in a manner consistent with federal and state law, including the statutes identified above; and

      c.    A declaration from Mr. Baraban stating that (i) he is not prohibited from possessing firearms; (ii) he intends to take ownership of Mr. Veletanlic's firearms, and (iii) he understands that returning the firearms to Mr. Veletanlic or honoring his instructions concerning the firearms while he remains a convicted felon would constitute criminally aiding and abetting a convicted felon in the possession or attempted possession of firearms. *See United States v. Zaleski*, 686 F.3d 90, 94 (2d Cir. 2012).

///

///

///

Second Order Regarding Firearms - 4
*United States v. Veletanlic;* CR18-162-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. If Mr. Veletanlic does not make the above filings within thirty (30) days of entry of this order, then he will be deemed to have abandoned his interests in the Subject Firearms, and the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, will be authorized to dispose of the firearms in accordance with its applicable policies and procedures.

IT IS SO ORDERED.

DATED this __20th__ day of March, 2025.

_____
THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Jehiel I. Baer*
JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov


*/s/ Gilbert H. Levy*
GILBERT H. LEVY
WSBA No 4805
gilbert.levy.atty@gmail.com
*Attorney for Defendant*

Second Order Regarding Firearms - 5
*United States v. Veletanlic;* CR18-162-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970